NOT DESIGNATED FOR PUBLICATION

No. 126,995

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN SPILLMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed November 8, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and HILL, JJ.

PER CURIAM: Stephen Spillman appeals the district court's revocation of his probation. We granted Spillman's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). Because Spillman has not established that the district court abused its discretion by revoking his probation, we affirm.

FACTS

In September 2022, Spillman pleaded guilty to several crimes—three counts of aggravated assault and one count each of domestic battery, battery, criminal threat, and battery against a law enforcement officer. Although Spillman's presumptive sentence for

1

his crimes was imprisonment, at his December 2022 sentencing hearing the district court granted Spillman's motion for a dispositional departure to probation. Afterwards, the district court imposed a controlling sentence of 24 months' probation with an underlying term of 54 months' imprisonment followed by 12 months' postrelease supervision.

Although Spillman had a firearm while committing his crimes, when he pleaded guilty, the district court never expressly found that he committed his crimes with a deadly weapon. Likewise, the district court never expressly mentioned that Spillman committed his crimes with a deadly weapon at Spillman's sentencing hearing. Still, at his sentencing hearing, the district court told Spillman that he must register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., and that he could no longer possess certain weapons, like firearms. Additionally, Spillman's sentencing journal entry stated that Spillman had to register as a violent offender because he committed his crimes with a deadly weapon.

Immediately after the sentencing hearing, though, Spillman committed more crimes against the victim of his original crimes. Although there was a protection from abuse (PFA) order preventing Spillman and this victim from having contact, the victim drove Spillman to his sentencing hearing. Yet, following the hearing, when the victim was driving Spillman home, Spillman broke the victim's car keys and pulled her hair. As a result, Spillman was criminally charged for violating the PFA order, destroying the victim's keys, and pulling the victim's hair.

In August 2023, the district court held a bench trial on Spillman's new charges. In the end, the district court found Spillman guilty of violating the victim's PFA order against him. And it further found that Spillman had violated a probation warrant. Then, it sentenced Spillman for his new crimes.

2

Next, the district court considered whether to revoke Spillman's probation in this case. Spillman asked the court not to revoke his probation because he had maintained consistent employment during the past 11 months. He also stressed that he had maintained his sobriety for about a year and wanted to enter "a sober living facility." But the district court rejected Spillman's argument, providing the following explanation: "The reason for the revocation is that the defendant committed a new crime and the intermediate sanctions . . . are not required because the probation was a [dispositional] departure."

Spillman timely appeals.

ANALYSIS

When a defendant argues that the district court erred by revoking his or her probation, we review the district court's decision for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion when it makes an error of law, an error of fact, or an otherwise unreasonable decision. 315 Kan. at 328.

Here, Spillman committed the crimes at issue in September 2022. Thus, the laws in effect when Spillman committed his crimes in 2022 controls. See *State v. Clark*, 313 Kan. 556, 571, 486 P.3d 591 (2021). K.S.A. 22-3716(c)(7)(B) provides that the district court may revoke a defendant's probation without having previously imposed any intermediate sanctions upon that defendant if the defendant was on probation because of a dispositional departure. Also, K.S.A. 22-3716(c)(7)(C) states that the district court may revoke a defendant's probation without having previously imposed any intermediate sanctions upon that defendant if the defendant committed a new crime on probation.

On appeal, Spillman makes two arguments. First, he argues that the district court's revocation of his probation was unreasonable because of his stable employment and ongoing sobriety. Second, he seemingly argues that because the district court did not expressly state that he committed his crimes with a deadly weapon at his plea or sentencing hearing, he does not have to register as a violent offender as defined under K.S.A. 22-4902(e). Nevertheless, our statutes and caselaw do not support either of Spillman's arguments.

"Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *Tafolla*, 315 Kan. at 328. It is undisputed that Spillman committed a new crime while on probation. So, under K.S.A. 22-3716(c)(7)(C), the district court could immediately revoke Spillman's probation. Similarly, because Spillman was on probation because of a dispositional departure, the district court could immediately revoke Spillman's probation under K.S.A. 22-3716(c)(7)(B). Thus, although Spillman points to his stable employment and continuing sobriety as reasons why the district court erred by revoking his probation, the district court's decision was legal under our Supreme Court precedent and statutes.

As for Spillman's KORA argument, again, Spillman apparently believes the district court's alleged failure to say that he committed his crimes with a deadly weapon means that he does not have to register as a violent offender. But this argument contradicts our Supreme Court's precedent too. To review, the district court told Spillman that he must register as a violent offender at his sentencing hearing. Also, Spillman's sentencing journal entry explained that he must register as a violent offender.

In *State v. Carter*, 311 Kan. 206, Syl. ¶ 1, 459 P.3d 186 (2020), our Supreme Court held that a "district judge's written journal entry showing that a defendant is a violent offender subject to [KORA] because he or she used a deadly weapon in the

4

commission of a person felony is an adequate finding under the Act." This court is duty-bound to follow our Supreme Court precedent absent some indication that our Supreme Court is moving away from its previous precedent. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). On this record, Spillman never argues why we should depart from our Supreme Court's holding in *Carter*. Thus, clutched by the reasoning under *Carter*, we note that Spillman cannot find relief in his contention that the district court's failure to make an express deadly weapon finding at either his plea hearing or sentencing hearing means he does not have to register as a violent offender as required under KORA. On the contrary, measured by the standard established in *Carter*, it affords Spillman no sound basis for him to argue that he does not have to register as a violent offender as required under KORA.

Affirmed.